MR. JUSTICE SHEEHY,
dissenting:
As I read the majority opinion, it reverses the District Court on two grounds, 1) improper deviation in the selection of the jury panel, and 2) the District Court excluded evidence that would prove Norwest’s authority to act and the reasonableness of its actions. I disagree with the majority on both grounds.
It is of course true that the clerk, instructed by the Court, deviated from the statutory procedures in getting the jury panel. What was the result? The clerk excluded those prospective jurors who had a debtor-creditor or business relation with Norwest. No reasonable lawyer, and I hope, no reasonable court, would have expected that depositors or lenders from Norwest could have been permitted to act on this case as jurors. The purpose of the statutes on jury selection, and the objective of courts construing those statutes, is to provide a fair jury panel. The deviation from the statutes by the clerk did not in this case deprive the parties of a fair jury panel. Instead it insured a fair panel. That fact is evinced in that counsel for Norwest, after interrogating the members of the panel, passed the *217 jury for cause. Norwest recognized it had a fair jury at the outset of the trial. If error occurred here, it was harmless error.
On the second point, it is irrelevant to the case that Anderson represented to Norwest that he had authority to change the signature card that Tribby had originally signed, outside of Tribby’s presence or knowledge that the change had occurred. That kind of evidence is in the category used by Eve, when she said, “The serpent made me do it.” Norwest had a contract with Tribby that was contained on the signature card. It had no business or right to change Tribby’s contract unilaterally and without his knowledge. Norwest’s dealings with Anderson without Tribby are inexcusable, and form no defense to Tribby’s suit.
I dissent.